AO 91 (Rev. 11/11)  Criminal Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

F I L E D
Jan 27 2026
ARTHUR JOHNSTON, CLERK

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| RAUL CRUZ | ) | Case No. |
| | ) | 1:26-mj-523 |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 26, 2026__ in the county of __Hancock__ in the __Southern__ District of __MS, Southern Division__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a) | Forcibly Assaulting, Resisting, Impeding, Obstructing or Interfering with a Federal Agent |

This criminal complaint is based on these facts:
See Affidavit attached hereto and incorporated herein.

☑ Continued on the attached sheet.

_____
Complainant's signature

Stephen N. Fortunato, FBI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 1-27-2026

_____
Judge's signature

City and state: Gulfport, Mississippi

Robert P. Myers, Jr, United States Magistrate Judge
Printed name and title

## AFFIDAVIT FOR CRIMINAL COMPLAINT

STATE OF MISSISSIPPI )
COUNTY OF HARRISON )
SOUTHERN DISTRICT OF MISSISSIPPI )

I, Stephen N. Fortunato, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. The Affiant is currently employed by the U.S. Federal Bureau of Investigation (FBI) Jackson Division, Gulfport Resident Agency (RA), MS, as a Special Agent (SA). The Affiant has been employed by the FBI since March 2019. My current and primary duties at the FBI include the investigation of violent crimes, organized narcotics traffickers, criminal enterprises, bank robberies, human trafficking investigations, child exploitation, assault on federal officers and other various criminal acts. I also am authorized to enforce the immigration laws of the United States. I have participated in numerous investigations including violent crime. Through my training, knowledge, and experience, I have become familiar with investigations involving assault on federal officers.

2. Based upon these facts and circumstances, your Affiant believes there is probable cause to show that Raul Cruz violated Title 18 United States Code, Section 111(a)(1) – Forcibly Assaulting, Resisting, Impeding, Obstructing or Interfering with a Federal Agent; and Title 18, United States Code, Sections 751(a) and 2 – Aiding or Assisting in an Escape from Federal Custody.

3. This affidavit is intended to show only that there is sufficient probable cause for a federal criminal complaint and arrest warrant and does not set forth all my knowledge about this

matter. Because this affidavit is submitted for the limited purpose of securing a federal criminal complaint and arrest warrant regarding Raul Cruz. I have not included each and every fact known to me concerning this investigation. The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from other agents and witnesses.

## PROBABLE CAUSE

4. On or about January 26, 2026, United States Border Patrol (USBP) Agent (BPA) M.V. (agent's initials) was traveling eastbound on Interstate 12 near Interstate 10 in Louisiana when he observed a red Toyota sedan bearing a certain Texas license plate number (the vehicle). Law enforcement records showed that the vehicle was registered to Wilmer Humberto Perez-Portillo, who was determined to be a citizen of Honduras and did not have current immigration status. Therefore, Perez-Portillo was illegally present in the United States.

5. Based on these immigration record query results, BPA M.V. activated his patrol vehicle emergency lights to initiate a traffic stop on the vehicle. The vehicle stopped on the shoulder of Interstate 10 near Mile Marker 1 in Hancock County, Mississippi, in the Southern Division of the Southern District of Mississippi. BPA M.V. placed a vehicle "stop stick" in front of the vehicle's rear passenger tire and approached the passenger side window. A stop stick is a portable device that if driven over will deflate the tire driven over the "stop stick." BPA M.V. was wearing his USBP uniform including functioning body-cam equipment and clearly marked USBP insignia and identified himself as a BPA.

6. The passenger identified himself as Raul Cruz and provided BPA M.V. with his cellphone which displayed a photograph of Cruz's Louisiana Identification Card. BPA M.V. asked

the driver for his identification, but the driver did not provide either a driver's license or other form of identification. BPA M.V. continued to ask Perez-Portillo for his identification, but Perez-Portillo continued to shift nervously and speak to Cruz in a low voice. However, BPA M.V. was able to visually confirm the driver's identity as Perez-Portillo from the photographic record of Perez-Portillo provided through the law enforcement records check.

7. Cruz asked why they had been pulled over and BPA M.V. advised Cruz that it was because he had reason to believe Perez-Portillo was in the United States illegally. BPA M.V. then walked over to the driver's side of the vehicle. BPA M.V. ordered Perez-Portillo to exit the vehicle several times and Perez-Portillo was not compliant. BPA M.V. then attempted to physically remove Perez-Portillo from the vehicle.

8. At the same time as BPA M.V. was questioning Perez-Portillo, Raul Cruz exited the passenger seat and removed the vehicle "stop stick." Cruz then approached BPA M.V. from behind as BPA M.V. was trying to detain Perez-Portillo. Cruz grabbed BPA M.V. from behind and attempted physically to pull BPA M.V. away from Perez-Portillo. Cruz then placed himself between Perez-Portillo and BPA M.V., saying "take me to jail too, I'm an American citizen" and began pushing BPA M.V. into the travel lane of Interstate 10 as Cruz yelled to Driver Perez-Portillo in Spanish to drive away.

9. BPA M.V. was able to pull Cruz towards the shoulder of the road, away from traffic, as Perez-Portillo drove away from the scene. While Perez-Portillo successfully escaped from the federal custody of BPA M.V., the BPA was able to securely detain Cruz and transport him to the Border Patrol Station in Gulfport, Mississippi.

## CONCLUSION

10. Based upon these facts and circumstances, your Affiant believes there is probable cause to show that Defendant Raul Cruz knowingly and intentionally forcibly assaulted, resisted, impeded, obstructed or interfered with BPA M.V. in violation of Title 18, United States Code, Section 111(a)(1); and that Raul Cruz knowingly and intentionally aided and abetted Perez-Portillo in his escape from federal custody in violation of Title 18, United States Code, Sections 751(a) and 2.

Respectfully submitted,

Stephen N. Fortunato
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me on this, the 27th day of January 2026,

Robert P. Myers, Jr.
United States Magistrate Judge